UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 11-cr-10212-JLT |
|  | ) |  |
| v. | ) | VIOLATIONS: |
|  | ) |  |
| 1.  JOHN WILLIS | ) | 21 U.S.C. § 846 - |
| a/k/a "Bac Guai John" | ) | Conspiracy to Distribute and Possess |
| 2.  BRANT WELTY | ) | with Intent to Distribute Oxycodone |
| 7.  MICHAEL CLEMENTE | ) |  |
| a/k/a "Ricky Martin" | ) | 18 U.S.C. § 1956(h) - |
| 9.  MARK THOMPSON, and | ) | Money Laundering Conspiracy |
| 12. BRIDGET WELTY, | ) |  |
|  | ) | 18 U.S.C. § 2 - Aiding and Abetting |
| Defendants. | ) |  |
|  | ) | 21 U.S.C. § 853(a) - |
|  | ) | Drug Forfeiture Allegation |
|  | ) |  |
|  | ) | 18 U.S.C. § 982(a)(1) - |
|  | ) | Money Laundering |
|  | ) | Forfeiture Allegation |

**FIRST SUPERSEDING INDICTMENT**

**COUNT ONE:**   (21 U.S.C. § 846 - Conspiracy To Distribute and Possess with Intent to Distribute Oxycodone)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but from at least in or about January 2010, and continuing thereafter until at least May 27, 2011, in the District of Massachusetts, the Southern District of Florida, the Southern District of New York, the District of Rhode Island, the District of South Carolina, the District of Vermont, and elsewhere, the defendants:

   1. JOHN WILLIS a/k/a "Bac Guai John"
   2. BRANT WELTY
   7. MICHAEL CLEMENTE a/k/a "Ricky Martin"
   9. MARK THOMPSON
   12. BRIDGET WELTY,

conspired and agreed with each other and with Peter Melendez, a/k/a "Shrek," Brian Bowes, Kevin Baranowski, Michael Shaw, Steven Le, a/k/a "Little Stevie," Vincent Alberico, and Anevay Duffy, a/k/a "Homegirl," and with other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:**  (18 U.S.C. § 1956(h) - Money Laundering Conspiracy)

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least in or about October 2009, and continuing thereafter until the present, in the District of Massachusetts, the Southern District of Florida, the Southern District of New York, the District of Rhode Island, the District of South Carolina, the District of Vermont, and elsewhere, the defendants:

> 1. JOHN WILLIS a/k/a "Bac Guai John"
> 2. BRANT WELTY
> 7. MICHAEL CLEMENTE a/k/a "Ricky Martin"
> 9. MARK THOMPSON
> 12. BRIDGET WELTY,

conspired and agreed with each other and with Peter Melendez, a/k/a "Shrek," Brian Bowes, Kevin Baranowski, Michael Shaw, Steven Le, a/k/a "Little Stevie," and Anevay Duffy, a/k/a "Homegirl," and with other persons known and unknown to the Grand Jury, knowingly:

(a) to conduct and attempt to conduct one or more financial transactions affecting interstate commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance,

> (1) with the intent to promote the carrying on of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);
>
> (2) knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

3

(3) knowing that the transaction was designed, in whole and in part, to avoid a transaction reporting requirement under federal law;

any one of (1), (2), and (3) being sufficient to constitute a violation of 18 U.S.C. § 1956(a)(1); and

(b) to engage and attempt to engage in one or more monetary transactions by, through, and to a financial institution affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the property was derived from some form of unlawful activity, in violation of 18 U.S.C. § 1957,

any one of (a) and (b) being a sufficient object of the conspiracy.

### Manner and Means of the Conspiracy

JOHN WILLIS was the hub and leader of the conspiracy. JOHN WILLIS and his co-conspirators obtained drug proceeds in the District of Massachusetts, used, and attempted to use, those proceeds in the District of Massachusetts, and transported and transferred those proceeds elsewhere, including the Southern District of Florida, to purchase and attempt to purchase tangible property, including expensive automobiles, motorcycles, boats and jet skis for WILLIS in other persons' names; to purchase and attempt to purchase intangible property, including ownership interests in a Florida night club, without disclosing WILLIS's ownership and control; to acquire and invest in purportedly legitimate businesses, including CRU Wine & Spirits, Inc., a Massachusetts corporation, and 9Five4 Nightclub Group, Inc., a Florida corporation, without disclosing WILLIS's ownership and control; and to promote the carrying on of specified unlawful

activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, by, among other things, leasing and renting real properties for future use in such activity, and using the proceeds of previous drug sales in the District of Massachusetts, and elsewhere in New England, to purchase additional controlled substances from suppliers in Florida and elsewhere.

      All in violation of Title 18, United States Code, Section 1956(h).

**DRUG FORFEITURE ALLEGATION: (21 U.S.C. § 853)**

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this indictment,

        1. **JOHN WILLIS a/k/a "Bac Guai John"**
        2. **BRANT WELTY**
        7. **MICHAEL CLEMENTE a/k/a "Ricky Martin"**
        9. **MARK THOMPSON**
        12. **BRIDGET WELTY,**

defendants herein, jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following:

    a. A forfeiture money judgment equal to the total amount of gross drug proceeds.

    b. CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

    c. 9Five4 Nightclub Group, Inc., a Florida corporation, with a principal office address of 3101 N. Federal Hwy., 2nd Floor, Ft. Lauderdale, Florida 33306, and all of its tangible and intangible assets including, without limitation, all operating capital, licenses, leasehold and other real property interests, and rights of ownership, management, or control over any club, business, or business property, including, without limitation, all fixtures and other improvements to any such property.

    d. Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Michael Shaw and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY)

    on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Michael Shaw via a false sworn statement submitted by Shaw to DEA Forfeiture Counsel.

e.  All funds contained in, or seized on or about May 27, 2011, from, Citibank, N.A., Bank Account No. 9118178007, in the name of 9Five4 Nightclub Group, Inc.

f.  All funds contained in, or seized on or about May 27, 2011, from, Bank of America, N.A., Account No. 009456972191, in the name of Defendant BRANT WELTY.

g.  All funds contained in, or seized on or about May 27, 2011, from, Bank of America, N.A., Account No. 229036933786, in the name of Mike's Boat & Jet Ski Rental.

h.  Approximately $42,940.00 in United States currency, seized by the Dillon, South Carolina, Police Department from Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) and Defendant BRANT WELTY, on or about March 24, 2011, on Route 95 in Dillon, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-545304, and claimed on or about May 25, 2011, by Defendant BRANT WELTY via a sworn statement submitted by Defendant BRANT WELTY to DEA Forfeiture Counsel.

i.  the following firearms, ammunition, and accessories, collectively identified for tracking purposes as Asset ID No. 11-FBI-005041, seized on May 27, 2011, from the Wormwood Street, Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET WELTY:

<u>Handguns, some with ammunition and/or magazines</u>

Colt Diamondback .38 caliber revolver, s/n D19274, determined to be untraceable by the ATF National Tracing Center;

Glock Model 19, 9 mm. pistol, s/n TE664US, with magazine and 13 rounds of ammunition;

Interarms Walther PPKIS .380 caliber pistol, s/n 5076186;

LW Seecamp California Edition .32 caliber pistol, s/n 046642, with 6 round magazine;

Sig Sauer Model SP2340 pistol, s/n SP0012952, with 2 magazines containing 10 rounds each;

Smith & Wesson Model 640, .38 caliber revolver, s/n CEN4731;

Smith & Wesson Model 27, .357 caliber revolver, s/n N164836, reported stolen on about May 25, 2010, during a house break-in in Chester, Vermont;

Smith & Wesson Model 66, .357 caliber revolver, s/n 6K82887;

Smith & Wesson SW4OVE .40 caliber handgun, s/n RBT4168, with 2 magazines containing 10 rounds each, reported stolen on about October 19, 2010, from a residence in Stoneham, Massachusetts;

### Other Firearms

Remington Model 870 12-gauge Shotgun, s/n A740380M;

DPMS Panther Arms A-15 Model rifle, s/n N0005955, with one magazine;

Uzi Model B 9 mm. rifle, s/n 65661, with 4 magazines, bag, and barrel;

### Other Ammunition

75 rounds of .32 caliber ammunition;

2 boxes of Wolf brand .223 caliber rounds, totaling 40 rounds;

270 rounds of .38 caliber ammunition;

63 rounds of .357 caliber ammunition;

4 rounds of .40 caliber ammunition;

93 rounds of .40 caliber ammunition;

80 rounds of .380 caliber ammunition; and

138 Rounds of 9 mm. ammunition;

j.    US Armor body armor, s/n BA-US-61797003, reported stolen from a federal agent in Boston, and seized on May 27, 2011, from the Wormwood Street, Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET

WELTY;

k.     the following watches and jewelry seized on May 27, 2011, from the Wormwood Street, Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET WELTY, and collectively identified for tracking purposes as Asset ID No. 11-FBI-004758:

Men's gold-tone Movado watch;

Men's 14k yellow gold overlay stainless steel Omega watch, Constellation model;

Men's stainless steel Baume & Mercier watch, Copeland Sport model 65366, s/n 5270762;

Men's stainless steel Tag Heuer watch with 11 single-cut diamond dot markers, model WJ1114-0, s/n YP7640;

Men's stainless steel Tag Heuer watch, model CT1110, s/n MZ9436;

Men's stainless steel & 18k yellow gold 8" bracelet; and

Ladies' 18k yellow gold cluster ring, with 10 full-cut diamonds and 1 dark blue sapphire;

l.     Red 2005 Hummer H2, Florida Registration No. AMX5239, VIN 5GRGN23U75H112523;

m.     Blue 2005 Bentley Coupe, Massachusetts Registration No. RS66PG, VIN SCBCR63W65C027444;

n.     Black 2008 Mercedes E350, Massachusetts Registration No. 518CT2, VIN WDBUF87X58B207614;

o.     Black 2005 American IronHorse Motorcycle, Massachusetts Registration No. 9X6771, VIN 5L5SJ144X51000005;

p.     Black 2006 Porsche Cayenne, Florida Registration No. AML5744, VIN WP1AC29P76LA92558;

q.     1998 Sea Ray 290 Sundancer; Vessel Number: SERT 3939 E898; Vessel Name: DOUBLE DOWN, seized from a boatyard in Dorchester, Massachusetts, on about September 23, 2011, together with all associated motors, engines, parts, attachments and accessories, whether or not attached to the vessel at time of

  seizure;

r.  Approximately $15,000 in U.S. currency paid to A Signature Only Bail Bonds, Inc., Fort Lauderdale, Florida, on about January 25, 2011, for issuance of a $150,000 release bond for arrested co-conspirator Steven Le;

s.  Approximately $20,300 in U.S. currency paid to Mercedes Benz of Fort Lauderdale, Fort Lauderdale, Florida, on about January 28, 2011, in connection with Defendant JOHN WILLIS's purchase of a 2008 Mercedes Benz SL550R on about January 29, 2011, for one of WILLIS's Florida girlfriends, "Jane Doe;"

t.  Approximately $150,000.00 in U.S. currency deposited into Citibank Account # 9118178007, held in the name of 9Five4 Nightclub Group, Inc.;

u.  Approximately $52,000.00 in U.S. currency transferred or deposited into a Bank of America Account ending in -0175 in the name of "Jilco, Inc.";

v.  Approximately $55,327.00 in United States currency seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendant JOHN WILLIS, and identified for tracking purposes as Asset ID No. 11-FBI-004485;

w.  Various pieces of jewelry seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendant JOHN WILLIS, and identified for tracking purposes as Asset ID No. 11-FBI-004487;

x.  2007 Suzuki GSXR10 motorcycle, Massachusetts Registration No. 7X8905, VIN # JS1GT77A172111260, seized on or about May 27, 2011, from the garage of the Dorchester apartment occupied by Defendant JOHN WILLIS, and identified for tracking purposes as Asset ID No. 11-FBI-4518; and

y.  Yamaha Jet Ski, Florida Registration No. MS9286AW, VIN or S/N YAMA2946A606, seized on or about May 27, 2011, from the premises of the Pompano Beach, Florida, home rented for Defendant JOHN WILLIS in the name of co-conspirator Peter Melendez and identified for tracking purposes as Asset ID No. 11-FBI-3912.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  (a) cannot be located upon the exercise of due diligence;
  (b) has been transferred or sold to, or deposited with, a third party;
  (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or
      (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to 21 U.S.C. §853(p), intends to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in paragraph 1.

      All pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

### MONEY LAUNDERING FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1))

The Grand Jury further alleges that:

1. Upon conviction of the offense alleged in Count Two of this Superseding Indictment,

> 1. JOHN WILLIS a/k/a "Bac Guai John"
> 2. BRANT WELTY
> 7. MICHAEL CLEMENTE a/k/a "Ricky Martin"
> 9. MARK THOMPSON
> 12. BRIDGET WELTY,

defendants herein, jointly and severally, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in that offense, and all property traceable to such property. The property to be forfeited includes, without limitation, the following:

    a.    a forfeiture money judgment in an amount equal to the value of all property involved in the offense.

    b.    CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

    c.    9Five4 Nightclub Group, Inc., a Florida corporation, with a principal office address of 3101 N. Federal Hwy., 2nd Floor, Ft. Lauderdale, Florida 33306, and all of its tangible and intangible assets including, without limitation, all operating capital, licenses, leasehold and other real property interests, and rights of ownership, management, or control over any club, business, or business property, including, without limitation, all fixtures and other improvements to any such property.

    d.    Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Michael Shaw and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY)

on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Michael Shaw via a false sworn statement submitted by Shaw to DEA Forfeiture Counsel.

e. All funds contained in or previously seized from Citibank, N.A., Bank Account No. 9118178007, in the name of 9Five4 Nightclub Group, Inc.

f. All funds contained in Bank of America, N.A., Account No. 009456972191, in the name of Defendant BRANT WELTY.

g. All funds contained in Bank of America, N.A., Account No. 229036933786, in the name of Mike's Boat & Jet Ski Rental.

h. Approximately $42,940.00 in United States currency, seized by the Dillon, South Carolina, Police Department from Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) and Defendant BRANT WELTY, on or about March 24, 2011, on Route 95 in Dillon, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-545304, and claimed on or about May 25, 2011, by Defendant BRANT WELTY via a sworn statement submitted by Defendant BRANT WELTY to DEA Forfeiture Counsel.

i. Red 2005 Hummer H2, Florida Registration No. AMX5239, VIN 5GRGN23U75H112523;

j. Blue 2005 Bentley Coupe, Massachusetts Registration No. RS66PG, VIN SCBCR63W65C027444;

k. Black 2008 Mercedes E350, Massachusetts Registration No. 518CT2, VIN WDBUF87X58B207614;

l. Black 2005 American IronHorse Motorcycle, Massachusetts Registration No. 9X6771, VIN 5L5SJ144X51000005;

m. Black 2006 Porsche Cayenne, Florida Registration No. AML5744, VIN WP1AC29P76LA92558;

n. 1998 Sea Ray 290 Sundancer; Vessel Number: SERT 3939 E898; Vessel Name: DOUBLE DOWN, seized from a boatyard in Dorchester, Massachusetts, on September 20, 2011, together with all associated motors, engines, parts, attachments and accessories, whether or not attached to the vessel at time of

seizure;

o. Approximately $15,000 in U.S. currency paid to A Signature Only Bail Bonds, Inc., Fort Lauderdale, Florida, on about January 25, 2011, for issuance of a $150,000 release bond for arrested co-conspirator Steven Le;

p. Approximately $20,300 in U.S. currency paid to Mercedes Benz of Fort Lauderdale, Fort Lauderdale, Florida, on about January 28, 2011, in connection with Defendant JOHN WILLIS's purchase of a 2008 Mercedes Benz SL550R on about January 29, 2011, for one of WILLIS's Florida girlfriends, "Jane Doe;"

q. Approximately $150,000.00 in U.S. currency deposited into Citibank Account # 9118178007, held in the name of 9Five4 Nightclub Group, Inc.

r. Approximately $52,000.00 in U.S. currency transferred or deposited into a Bank of America Account ending in -0175 in the name of "Jilco, Inc.";

s. Approximately $55,327.00 in United States currency seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendant JOHN WILLIS, and identified for tracking purposes as Asset ID No. 11-FBI-004485;

t. Various pieces of jewelry seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendant JOHN WILLIS, and identified for tracking purposes as Asset ID No. 11-FBI-004487;

u. 2007 Suzuki GSXR10 motorcycle, Massachusetts Registration No. 7X8905, VIN # JS1GT77A172111260, seized on or about May 27, 2011, from the garage of the Dorchester apartment occupied by Defendant JOHN WILLIS, and identified for tracking purposes as Asset ID No. 11-FBI-4518; and

v. Yamaha Jet Ski, Florida Registration No. MS9286AW, VIN or S/N YAMA2946A606, seized on or about May 27, 2011, from the premises of the Pompano Beach, Florida, home rented for Defendant JOHN WILLIS in the name of co-conspirator Peter Melendez and identified for tracking purposes as Asset ID No. 11-FBI-3912.

2. If any of the property described in paragraph 1 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

a. cannot be located upon the exercise of due diligence;

      b.      has been transferred to, sold to, or deposited with a third party;

      c.      has been placed beyond the jurisdiction of this Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), intends to seek forfeiture of all other property of the defendants up to the value of the forfeitable property described in paragraph 1.

      All pursuant to Title 18, United States Code, Section 982 and Title 28, United States Code, Section 2461(c).

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY

_____
TIMOTHY E. MORAN
RICHARD L. HOFFMAN
ASSISTANT U.S. ATTORNEYS

DISTRICT OF MASSACHUSETTS; July 19, 2012.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

@ 3:50 PM