UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 11-cr-10212-JLT |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| 1. JOHN WILLIS | ) | 21 U.S.C. § 846 - |
| a/k/a "Bac Guai John" | ) | Conspiracy to Distribute and Possess |
| 2. BRANT WELTY | ) | with Intent to Distribute Oxycodone |
| 7. MICHAEL CLEMENTE | ) | |
| a/k/a "Ricky Martin" | ) | 18 U.S.C. § 1956(h) - |
| 9. MARK THOMPSON | ) | Money Laundering Conspiracy |
| 12. BRIDGET WELTY | ) | |
| 14. COLBY DEERING | ) | 18 U.S.C. § 1512(b)(3) - |
| 15. ANH NGUYEN, | ) | Tampering With A Witness |
| | ) | |
| Defendants. | ) | 18 U.S.C. § 2 - Aiding and Abetting |
| | ) | |
| | ) | 21 U.S.C. § 853(a) - |
| | ) | Drug Forfeiture Allegation |
| | ) | |
| | ) | 18 U.S.C. § 982(a)(1) - |
| | ) | Money Laundering |
| | ) | Forfeiture Allegation |
| | ) | |
| | ) | 18 U.S.C. § 981(a)(1)(C) & |
| | ) | 28 U.S.C. § 2461(c) - Witness |
| | ) | Tampering Forfeiture Allegation |

SECOND SUPERSEDING INDICTMENT

COUNT ONE:      (21 U.S.C. § 846 - Conspiracy To Distribute and Possess with Intent to
                Distribute Oxycodone)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but from at least in or about January 2010, and

continuing thereafter until at least May 27, 2011, in the District of Massachusetts, the Southern

District of Florida, the Southern District of New York, the District of Rhode Island, the District

of South Carolina, the District of Vermont, and elsewhere, the defendants:

**1. JOHN WILLIS a/k/a "Bac Guai John"**
**2. BRANT WELTY**
**7. MICHAEL CLEMENTE a/k/a "Ricky Martin"**
**9. MARK THOMPSON**
**12. BRIDGET WELTY**
**14. COLBY DEERING**
**15. ANH NGUYEN,**

conspired and agreed with each other and with Peter Melendez, a/k/a "Shrek," Brian Bowes,

Kevin Baranowski, Michael Shaw, Steven Le, a/k/a "Little Stevie," Vincent Alberico, and

Anevay Duffy, a/k/a "Homegirl," and with other persons known and unknown to the Grand Jury,

to knowingly and intentionally possess with intent to distribute and distribute oxycodone, a

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:**     **(18 U.S.C. § 1956(h) - Money Laundering Conspiracy)**

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least in or about October 2009, and

continuing thereafter until the present, in the District of Massachusetts, the Southern District of

Florida, the Southern District of New York, the District of Rhode Island, the District of South

Carolina, the District of Vermont, and elsewhere, the defendants:

> **1. JOHN WILLIS a/k/a "Bac Guai John"**
> **2. BRANT WELTY**
> **7. MICHAEL CLEMENTE a/k/a "Ricky Martin"**
> **9. MARK THOMPSON**
> **12. BRIDGET WELTY**
> **14. COLBY DEERING**
> **15. ANH NGUYEN,**

conspired and agreed with each other and with Peter Melendez, a/k/a "Shrek," Brian Bowes,

Kevin Baranowski, Michael Shaw, Steven Le, a/k/a "Little Stevie," and Anevay Duffy, a/k/a

"Homegirl," and with other persons known and unknown to the Grand Jury, knowingly:

(a) to conduct and attempt to conduct one or more financial transactions affecting

interstate commerce, knowing that the property involved in the financial transaction represented

the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of

specified unlawful activity, that is, the felonious manufacture, importation, receiving,

concealment, buying, selling, and otherwise dealing in a controlled substance,

> (1) with the intent to promote the carrying on of such specified unlawful activity,
>
> in violation of 18 U.S.C. § 1956(a)(1)(A)(i);
>
> (2) knowing that the transaction was designed, in whole and in part, to conceal
>
> and disguise the nature, location, source, ownership and control of the proceeds of

3

> such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and
>
> (3) knowing that the transaction was designed, in whole and in part, to avoid a
> transaction reporting requirement under federal law;

any one of (1), (2), and (3) being sufficient to constitute a violation of 18 U.S.C. § 1956(a)(1);
and

(b) to engage and attempt to engage in one or more monetary transactions by, through,
and to a financial institution affecting interstate commerce, in criminally derived property that
was of a value greater than $10,000 and was derived from specified unlawful activity, that is, the
felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise
dealing in a controlled substance, knowing that the property was derived from some form of
unlawful activity, in violation of 18 U.S.C. § 1957,

any one of (a) and (b) being a sufficient object of the conspiracy.

## Manner and Means of the Conspiracy

JOHN WILLIS was the hub and leader of the conspiracy. JOHN WILLIS and his co-
conspirators obtained drug proceeds in the District of Massachusetts, used, and attempted to use,
those proceeds in the District of Massachusetts, and transported and transferred those proceeds
elsewhere, including the Southern District of Florida, to purchase and attempt to purchase
tangible property, including expensive automobiles, motorcycles, boats and jet skis for WILLIS
in other persons' names; to purchase and attempt to purchase intangible property, including
ownership interests in a Florida night club, without disclosing WILLIS's ownership and control;
to acquire and invest in purportedly legitimate businesses, including CRU Wine & Spirits, Inc., a
Massachusetts corporation, and 9Five4 Nightclub Group, Inc., a Florida corporation, without

4

disclosing WILLIS's ownership and control; and to promote the carrying on of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, by, among other things, leasing and renting real properties for future use in such activity, and using the proceeds of previous drug sales in the District of Massachusetts, and elsewhere in New England, to purchase additional controlled substances from suppliers in Florida and elsewhere.

All in violation of Title 18, United States Code, Section 1956(h).

5

**COUNT THREE: (18 U.S.C. § 1512(b)(3) - Tampering With A Witness)**

The Grand Jury further charges that:

1. On or about June 7, 2011, at Dorchester and Boston, Suffolk County, in the District of Massachusetts,

## 15. ANH NGUYEN

the defendant herein, corruptly attempted to persuade another person known to ANH NGUYEN and known to the Grand Jury, but identified for purposes of this Count as "John Doe," with intent to hinder, delay, and prevent John Doe's communication to a law enforcement officer of the United States of information relating to the commission and the possible commission of a Federal offense, as set forth below.

2. Between at least early 2010 and continuing to the date of this Second Superseding Indictment, in the District of Massachusetts and elsewhere, the Federal Bureau of Investigation (the "FBI") was investigating the criminal activities of JOHN WILLIS ("WILLIS") and others, including, but not limited to, the twelve defendants indicted with WILLIS in this case by the Grand Jury on May 26, 2011, and the defendants added by this Second Superseding Indictment, COLBY DEERING and ANH NGUYEN. The criminal investigation included, but was not limited to, drug trafficking, money laundering, and unlawful monetary transactions.

3. On June 7, 2011, starting at about 7:52 p.m., John Doe had the following consensually recorded telephone conversation with ANH NGUYEN. The conversation was primarily in Vietnamese, with some words in English. The following is a translated transcript of that conversation between ANH NGUYEN ("NGUYEN") and John Doe ("DOE"), with words spoken in English shown in italics, and certain of ANH NGUYEN's statements in bold type:

6

| | |
|---|---|
| NGUYEN: | Hello? |
| DOE: | Anh? |
| NGUYEN: | Yeah. . . . . What's up? |
| DOE: | Uh ... uh...my *roommate* just sent a *text message* saying that uh...the *FBI* uh...asked about me. |
| NGUYEN: | Where are you? |
| DOE: | Huh? |
| NGUYEN: | Where are you? |
| DOE: | I'm out on the street. |
| NGUYEN: | **Oh, they probably were going to ask you about *John*.** |
| DOE: | Uhh... |
| NGUYEN: | **Don't go home.** [overlapping voices, hereafter "OV"] |
| DOE: | Uh...they left...they -- they uh...left un...a *card*. That's uh...uhm... |
| NGUYEN: | What does it say? |
| DOE: | They left a *card* uh...my *roommate* only stated that they left a *card*. Don't know what they were looking for, not sure uh...-- |
| NGUYEN: | Did they go inside the house? [OV] |
| DOE: | No. |
| NGUYEN: | Oh. [Pause] Uhm...**They probably, you know...are looking for *John*.** |
| DOE: | Yeah. |
| NGUYEN: | **Tell [them] you don't know anything**. |
| DOE: | Perhaps it's about the car. [Pause] The *Hummer*. |
| NGUYEN: | Uh...[OV]. *No* but they...arrested *John* already. |
| DOE: | Hmm... |
| NGUYEN: | Yeah. **If they ask you anything, you...[noise] you tell them you're his friend, that's all, and that you don't know anything. [Long pause] Understand?** |
| DOE: | Yeah. |
| [Long pause] | |
| NGUYEN: | **If you want** [phonetic, hereafter "PH"]**, you can come to my place** [PH]. |
| DOE: | Uh ... no, I don't want to go. |
| [Long pause] | |
| NGUYEN: | **Because talking on the phone -- I can't talk on the phone --** |
| DOE: | Yeah. [OV] |
| NGUYEN: | **--[they] often listen to the phone.** [OV] [Noise] [Long pause] You're on your way home, right? |
| DOE: | Oh no. Uh...uh...I'm not going home yet. Uh... the *roommate*, she sent a *text message* stating that uh...[noise] came uh ... the *FBI* came and asked about me. However, I didn't see them. |
| NGUYEN: | **They left already, right?** [OV] |
| DOE: | Yeah. |
| NGUYEN: | **Well then go home. It's not a problem.** |
| DOE: | Yeah. |

[Noise]

NGUYEN:     **If they ask you anything, tell [them] you don't know.  Tell [them] he's**
            **your friend, that's all.**

DOE:        Yeah.

[Noise]

NGUYEN:     **Say he's your friend.**

DOE:        Yeah.

[Noise] [Pause]

NGUYEN:     **Say you know him but --**

DOE:        Yeah. [OV]

NGUYEN:     **--you don't know what he was doing**.

DOE:        Yeah.

NGUYEN:     **Don't say anything**.

DOE:        Yeah.

NGUYEN:     *Okay*?

DOE:        Yeah. *Okay*.

NGUYEN:     **You don't know what he was doing.**

DOE:        Yeah so --

NGUYEN:     **It's not a problem.  You're just friends with him**. [OV]

DOE:        I know, didn't do anything.  All [of a] sudden, they came to question me.  I
            was wondering if there's a problem with the car or something.

NGUYEN:     **There's no problem**.

DOE:        Yeah.

NGUYEN:     **Already traded the car in.**

DOE:        [Sighing]

[Long pause]

NGUYEN:     **Already sold the car.**

DOE:        Oh *no*.

NGUYEN:     Yeah. [Long pause] [Noise] **There's no problem**.

DOE:        Oh ... *okay*.

NGUYEN:     Yeah. **If they ask, tell [them] you don't know anything**. [Long pause]
            *Okay*?

DOE:        *Okay*.

NGUYEN:     *Bye*!

DOE:        *Bye-bye*.

4.      On June 7, 2011, starting at about 8:27 p.m., John Doe had a second consensually
recorded telephone conversation with ANH NGUYEN.  The conversation was primarily in
Vietnamese, with some words in English.  The following is a translated transcript of that second
conversation, with words spoken in English shown in italics, and certain of ANH NGUYEN's

statements in bold type:

| | |
|---|---|
| NGUYEN: | *Hello*. |
| DOE: | Anh huh? |
| NGUYEN: | Uh. |
| DOE: | I got home and my *roommate* said that the *FBI* agents had asked about the car, Red Hummer. I don't know what to say now. Now...[OV] |
| NGUYEN: | **You don't need to call them back.** [OV] |
| DOE: | But I had thought -- Later if they call and ask, what would happen then? They've left their cards for me to call them back. But uh... [OV] |
| NGUYEN: | **It's not necessary.** [Short pause] **It's not necessary.** [Unintelligible] |
| DOE: | But I had thought that - that it had been transferred to another person's name, so why did they still ask about it? |
| NGUYEN: | Who knows? **In the past he** [*apparently referring to one of the FBI agents*] **also came to the house and left his card, but I did not call him back.** |
| DOE: | Uh. |
| NGUYEN: | **You don't need to do that.** |
| DOE: | How much was the *down payment* that was paid before? |
| NGUYEN: | Who knows? |
| DOE: | Uh. |
| NGUYEN: | **Do you still have the papers**? |
| DOE: | I don't hold -- I don't keep the papers. I don't have any papers at all. |
| NGUYEN: | **Just say they have been lost, so you don't have them anymore. You don't need them. After you bought [the car], you sold it to people. Because you sold it to people, you don't need to keep the papers**. |
| DOE: | Uh. |
| NGUYEN: | **Do you understand? You don't need to call them back.** |
| DOE: | Uh. I am very afraid. I don't know what to say now. |
| NGUYEN: | **What are you afraid of? Previously he** [*apparently referring to one of the FBI agents*] **came to my house and left his card, but I didn't call him back. He called my phone, but I didn't pick up the phone either.** |
| DOE: | Uh. |
| **NGUYEN:** | **I/we didn't do anything. Just say previously you bought it and now you sold it to people; therefore you don't have any papers left.** |
| DOE: | Uh. |
| NGUYEN: | **You were not involved so you should not be afraid**. |
| DOE: | *Okay*. |
| NGUYEN: | **Hah**? |
| DOE: | *Okay*. [Clears his throat] |
| NGUYEN: | ***Okay***? |
| DOE: | Uh. |
| NGUYEN: | **It's not necessary. If he asks you, then you - then you say you bought** |

|         | **it**...[OV]                                                                                  |
|---------|------------------------------------------------------------------------------------------------|
| DOE:    | Uh.                                                                                            |
| NGUYEN: | **You bought it and now you resold it, so you don't keep the papers anymore. *Okay*?**         |
| DOE:    | Uh. *Okay*.                                                                                    |

5.      The statements of ANH NGUYEN to John Doe set forth in bold type in

paragraphs 3 and 4 of this Count, as ANH NGUYEN well knew and believed when she made

them, would have the natural and probable effect of preventing justice from being duly

administered, and were corruptly intended to hinder, delay, and prevent John Doe's

communication to the FBI of truthful information relating to the commission and the possible

commission of a Federal offense.

All in violation of 18 U.S.C. § 1512(b)(3).

10

## DRUG FORFEITURE ALLEGATION: (21 U.S.C. § 853)

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this Second Superseding

Indictment,

> **1. JOHN WILLIS a/k/a "Bac Guai John"**
> **2. BRANT WELTY**
> **7. MICHAEL CLEMENTE a/k/a "Ricky Martin"**
> **9. MARK THOMPSON**
> **12. BRIDGET WELTY**
> **14. COLBY DEERING**
> **15. ANH NGUYEN,**

defendants herein, jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C.

§853: (1) any and all property constituting or derived from any proceeds obtained directly or

indirectly as a result of the charged offense; and (2) any and all property used or intended to be

used in any manner or part to commit and to facilitate the commission of the offense. The

property to be forfeited includes, without limitation, the following:

a. A forfeiture money judgment equal to the total amount of gross drug proceeds.

b. CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

c. 9Five4 Nightclub Group, Inc., a Florida corporation, with a principal office address of 3101 N. Federal Hwy., 2nd Floor, Ft. Lauderdale, Florida 33306, and all of its tangible and intangible assets including, without limitation, all operating capital, licenses, leasehold and other real property interests, and rights of ownership, management, or control over any club, business, or business property, including, without limitation, all fixtures and other improvements to any such property.

11

d.  Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Michael Shaw and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Michael Shaw via a false sworn statement submitted by Shaw to DEA Forfeiture Counsel.

e.  All funds contained in, or seized on or about May 27, 2011, from, Citibank, N.A., Bank Account No. 9118178007, in the name of 9Five4 Nightclub Group, Inc.

f.  All funds contained in, or seized on or about May 27, 2011, from, Bank of America, N.A., Account No. 009456972191, in the name of Defendant BRANT WELTY.

g.  All funds contained in, or seized on or about May 27, 2011, from, Bank of America, N.A., Account No. 229036933786, in the name of Mike's Boat & Jet Ski Rental.

h.  Approximately $42,940.00 in United States currency, seized by the Dillon, South Carolina, Police Department from Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) and Defendant BRANT WELTY, on or about March 24, 2011, on Route 95 in Dillon, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-545304, and claimed on or about May 25, 2011, by Defendant BRANT WELTY via a sworn statement submitted by Defendant BRANT WELTY to DEA Forfeiture Counsel.

i.  the following firearms, ammunition, and accessories, collectively identified for tracking purposes as Asset ID No. 11-FBI-005041, seized on May 27, 2011, from the Wormwood Street, Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET WELTY:

Handguns, some with ammunition and/or magazines

Colt Diamondback .38 caliber revolver, s/n D19274, determined to be untraceable by the ATF National Tracing Center;

Glock Model 19, 9 mm. pistol, s/n TE664US, with magazine and 13 rounds of ammunition;

Interarms Walther PPKIS .380 caliber pistol, s/n 5076186;

12

LW Seecamp California Edition .32 caliber pistol, s/n 046642, with 6 round magazine;

Sig Sauer Model SP2340 pistol, s/n SP0012952, with 2 magazines containing 10 rounds each;

Smith & Wesson Model 640, .38 caliber revolver, s/n CEN4731;

Smith & Wesson Model 27, .357 caliber revolver, s/n N164836, reported stolen on about May 25, 2010, during a house break-in in Chester, Vermont;

Smith & Wesson Model 66, .357 caliber revolver, s/n 6K82887;

Smith & Wesson SW4OVE .40 caliber handgun, s/n RBT4168, with 2 magazines containing 10 rounds each, reported stolen on about October 19, 2010, from a residence in Stoneham, Massachusetts;

## Other Firearms

Remington Model 870 12-gauge Shotgun, s/n A740380M;

DPMS Panther Arms A-15 Model rifle, s/n N0005955, with one magazine;

Uzi Model B 9 mm. rifle, s/n 65661, with 4 magazines, bag, and barrel;

## Other Ammunition

75 rounds of .32 caliber ammunition;

2 boxes of Wolf brand .223 caliber rounds, totaling 40 rounds;

270 rounds of .38 caliber ammunition;

63 rounds of .357 caliber ammunition;

4 rounds of .40 caliber ammunition;

93 rounds of .40 caliber ammunition;

80 rounds of .380 caliber ammunition; and

138 Rounds of 9 mm. ammunition;

13

j.    US Armor body armor, s/n BA-US-61797003, reported stolen from a federal
      agent in Boston, and seized on May 27, 2011, from the Wormwood Street,
      Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET
      WELTY;

k.    the following watches and jewelry seized on May 27, 2011, from the Wormwood
      Street, Dorchester, apartment occupied by Defendants BRANT WELTY and
      BRIDGET WELTY, and collectively identified for tracking purposes as Asset ID
      No. 11-FBI-004758:

      Men's gold-tone Movado watch;

      Men's 14k yellow gold overlay stainless steel Omega watch, Constellation model;

      Men's stainless steel Baume & Mercier watch, Copeland Sport model 65366, s/n
      5270762;

      Men's stainless steel Tag Heuer watch with 11 single-cut diamond dot markers,
      model WJ1114-0, s/n YP7640;

      Men's stainless steel Tag Heuer watch, model CT1110, s/n MZ9436;

      Men's stainless steel & 18k yellow gold 8" bracelet; and

      Ladies' 18k yellow gold cluster ring, with 10 full-cut diamonds and 1 dark blue
      sapphire;

l.    Red 2005 Hummer H2, Florida Registration No. AMX5239, VIN
      5GRGN23U75H112523;

m.    Blue 2005 Bentley Coupe, Massachusetts Registration No. RS66PG, VIN
      SCBCR63W65C027444;

n.    Black 2008 Mercedes E350, Massachusetts Registration No. 518CT2, VIN
      WDBUF87X58B207614;

o.    Black 2005 American IronHorse Motorcycle, Massachusetts Registration No.
      9X6771, VIN 5L5SJ144X51000005;

p.    Black 2006 Porsche Cayenne, Florida Registration No. AML5744, VIN
      WP1AC29P76LA92558;

q.    1998 Sea Ray 290 Sundancer; Vessel Number: SERT 3939 E898; Vessel Name:

14

DOUBLE DOWN, seized from a boatyard in Dorchester, Massachusetts, on about September 23, 2011, together with all associated motors, engines, parts, attachments and accessories, whether or not attached to the vessel at time of seizure;

r.     Approximately $15,000 in U.S. currency paid to A Signature Only Bail Bonds, Inc., Fort Lauderdale, Florida, on about January 25, 2011, for issuance of a $150,000 release bond for arrested co-conspirator Steven Le;

s.     Approximately $20,300 in U.S. currency paid to Mercedes Benz of Fort Lauderdale, Fort Lauderdale, Florida, on about January 28, 2011, in connection with Defendant JOHN WILLIS's purchase of a 2008 Mercedes Benz SL550R on about January 29, 2011, for one of WILLIS's Florida girlfriends, "Jane Doe;"

t.     Approximately $150,000.00 in U.S. currency deposited into Citibank Account # 9118178007, held in the name of 9Five4 Nightclub Group, Inc.;

u.     Approximately $52,000.00 in U.S. currency transferred or deposited into a Bank of America Account ending in -0175 in the name of "Jilco, Inc.";

v.     Approximately $55,327.00 in United States currency seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendants JOHN WILLIS and ANH NGUYEN, and identified for tracking purposes as Asset ID No. 11-FBI-004485;

w.     Various pieces of jewelry seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendants JOHN WILLIS and ANH NGUYEN, and identified for tracking purposes as Asset ID No. 11-FBI-004487;

x.     2007 Suzuki GSXR10 motorcycle, Massachusetts Registration No. 7X8905, VIN # JS1GT77A172111260, seized on or about May 27, 2011, from the garage of the Dorchester apartment occupied by Defendant JOHN WILLIS and ANH NGUYEN, and identified for tracking purposes as Asset ID No. 11-FBI-4518; and

y.     Yamaha Jet Ski, Florida Registration No. MS9286AW, VIN or S/N YAMA2946A606, seized on or about May 27, 2011, from the premises of the Pompano Beach, Florida, home rented for Defendant JOHN WILLIS in the name of co-conspirator Peter Melendez and identified for tracking purposes as Asset ID No. 11-FBI-3912.

2. If any of the above-described forfeitable property, as a result of any act or omission of

the defendants:

15

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to 21 U.S.C. §853(p), intends to seek forfeiture of any other property

of the defendants up to the value of the forfeitable property described in paragraph 1.

All pursuant to Title 21, United States Code, Section 853 and Title 28, United States

Code, Section 2461(c).

16

## MONEY LAUNDERING FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1))

The Grand Jury further alleges that:

1. Upon conviction of the offense alleged in Count Two of this Second Superseding

Indictment,

> **1. JOHN WILLIS a/k/a "Bac Guai John"**
> **2. BRANT WELTY**
> **7. MICHAEL CLEMENTE a/k/a "Ricky Martin"**
> **9. MARK THOMPSON**
> **12. BRIDGET WELTY**
> **14. COLBY DEERING**
> **15. ANH NGUYEN,**

defendants herein, jointly and severally, shall forfeit to the United States of America, pursuant to

Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in that

offense, and all property traceable to such property. The property to be forfeited includes,

without limitation, the following:

a. a forfeiture money judgment in an amount equal to the value of all property

involved in the offense.

b. CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

c. 9Five4 Nightclub Group, Inc., a Florida corporation, with a principal office address of 3101 N. Federal Hwy., 2nd Floor, Ft. Lauderdale, Florida 33306, and all of its tangible and intangible assets including, without limitation, all operating capital, licenses, leasehold and other real property interests, and rights of ownership, management, or control over any club, business, or business property, including, without limitation, all fixtures and other improvements to any such property.

17

d.    Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Michael Shaw and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Michael Shaw via a false sworn statement submitted by Shaw to DEA Forfeiture Counsel.

e.    All funds contained in or previously seized from Citibank, N.A., Bank Account No. 9118178007, in the name of 9Five4 Nightclub Group, Inc.

f.    All funds contained in Bank of America, N.A., Account No. 009456972191, in the name of Defendant BRANT WELTY.

g.    All funds contained in Bank of America, N.A., Account No. 229036933786, in the name of Mike's Boat & Jet Ski Rental.

h.    Approximately $42,940.00 in United States currency, seized by the Dillon, South Carolina, Police Department from Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) and Defendant BRANT WELTY, on or about March 24, 2011, on Route 95 in Dillon, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-545304, and claimed on or about May 25, 2011, by Defendant BRANT WELTY via a sworn statement submitted by Defendant BRANT WELTY to DEA Forfeiture Counsel.

i.    Red 2005 Hummer H2, Florida Registration No. AMX5239, VIN 5GRGN23U75H112523;

j.    Blue 2005 Bentley Coupe, Massachusetts Registration No. RS66PG, VIN SCBCR63W65C027444;

k.    Black 2008 Mercedes E350, Massachusetts Registration No. 518CT2, VIN WDBUF87X58B207614;

l.    Black 2005 American IronHorse Motorcycle, Massachusetts Registration No. 9X6771, VIN 5L5SJ144X51000005;

m.    Black 2006 Porsche Cayenne, Florida Registration No. AML5744, VIN WP1AC29P76LA92558;

n.    1998 Sea Ray 290 Sundancer; Vessel Number: SERT 3939 E898; Vessel Name:

18

DOUBLE DOWN, seized from a boatyard in Dorchester, Massachusetts, on September 20, 2011, together with all associated motors, engines, parts, attachments and accessories, whether or not attached to the vessel at time of seizure;

o.   Approximately $15,000 in U.S. currency paid to A Signature Only Bail Bonds, Inc., Fort Lauderdale, Florida, on about January 25, 2011, for issuance of a $150,000 release bond for arrested co-conspirator Steven Le;

p.   Approximately $20,300 in U.S. currency paid to Mercedes Benz of Fort Lauderdale, Fort Lauderdale, Florida, on about January 28, 2011, in connection with Defendant JOHN WILLIS's purchase of a 2008 Mercedes Benz SL550R on about January 29, 2011, for one of WILLIS's Florida girlfriends, "Jane Doe;"

q.   Approximately $150,000.00 in U.S. currency deposited into Citibank Account # 9118178007, held in the name of 9Five4 Nightclub Group, Inc.

r.   Approximately $52,000.00 in U.S. currency transferred or deposited into a Bank of America Account ending in -0175 in the name of "Jilco, Inc.";

s.   Approximately $55,327.00 in United States currency seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendants JOHN WILLIS and ANH NGUYEN, and identified for tracking purposes as Asset ID No. 11-FBI-004485;

t.   Various pieces of jewelry seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendants JOHN WILLIS and ANH NGUYEN, and identified for tracking purposes as Asset ID No. 11-FBI-004487;

u.   2007 Suzuki GSXR10 motorcycle, Massachusetts Registration No. 7X8905, VIN # JS1GT77A172111260, seized on or about May 27, 2011, from the garage of the Dorchester apartment occupied by Defendants JOHN WILLIS and ANH NGUYEN, and identified for tracking purposes as Asset ID No. 11-FBI-4518; and

v.   Yamaha Jet Ski, Florida Registration No. MS9286AW, VIN or S/N YAMA2946A606, seized on or about May 27, 2011, from the premises of the Pompano Beach, Florida, home rented for Defendant JOHN WILLIS in the name of co-conspirator Peter Melendez and identified for tracking purposes as Asset ID No. 11-FBI-3912.

2.   If any of the property described in paragraph 1 hereof as being forfeitable pursuant

to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the

defendants --

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred to, sold to, or deposited with a third party;

    c.     has been placed beyond the jurisdiction of this Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 28,

United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p),

intends to seek forfeiture of all other property of the defendants up to the value of the forfeitable

property described in paragraph 1.

All pursuant to Title 18, United States Code, Section 982 and Title 28, United States

Code, Section 2461(c).

## WITNESS TAMPERING PROCEEDS FORFEITURE ALLEGATION:
## (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

The Grand Jury further alleges that:

1. Upon conviction of the offense alleged in Count Three of this Second Superseding

Indictment,

## 15. ANH NGUYEN

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c), any and all property, real and personal, which constitutes or is derived from

proceeds traceable to the charged violation of 18 U.S.C. § 1512(b)(3).

2. If any of the above-described forfeitable property, as a result of any act or omission of

the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without
difficulty;

the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), intends to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in paragraph 1.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c).

21

**A TRUE BILL**

FORERERSON OF THE GRAND JURY

TIMOTHY E. MORAN
RICHARD L. HOFFMAN
ASSISTANT U.S. ATTORNEYS

DISTRICT OF MASSACHUSETTS; August 16, 2012.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

a/4: d8 PM

8/16/12

22